UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELENA KURBATZKY, authorized agent ) <br> of HARMONY HOUSE HEALTH ) <br> CARE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL KRISTOLA, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO 19-10079-JCB |

## MEMORANDUM AND ORDER

March 14, 2019

DEIN, U.S.M.J.

For the reasons set forth below, Harmony Home Health Care LLC must retain counsel and pay the filing fee. If Elena Kurbatzky desires to proceed with this litigation, an amended complaint must be filed and will be subject to preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

## I. BACKGROUND

Plaintiff Elena Kurbatzky, proceeding pro se, filed a complaint on behalf of a home healthcare provider, challenging the government's actions in terminating the company as a Medicare provider and seeking to recoup alleged Medicare overpayments. (Docket No. 1). Named as defendants are the United Centers for Medicare and Medicaid Services ("CMS") and three CMS administrators. Id. at ¶ I(B) (the defendants). Although the case caption identifies the plaintiff as "Elena Kurbatzky, authorized agent of Harmony Home Health Care LLC," the

final section of the complaint identifies the plaintiff as "Harmony Home Health Care LLC" followed by "Elena Kurbatzky, authorized agent." Id. at ¶ V(A).

As best can be gleaned from the complaint and accompanying exhibits, Kurbatzky brings this action on behalf Harmony Home Health Care, LLC, a company that is alleged to be a limited liability company incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts. Id. at ¶ II(B)(1)(b). The complaint alleges that Harmony Home Health Care LLC "was unreasonably terminated in Medicare (as Medicare provider) on 8/31/2017 [and] unreasonably initially terminated by MassHealth and unreasonably suspended payments." Id. at ¶ III (statement of claim). For relief, the complaint seeks reinstatement of Harmony Home Health Care LLC "1) as Mass Health Provider; 2) as Medicare Provider; 3) release money suspended by National Government Services, Inc., [and] 4) pay loss[,] due to non-professional termination[, in the amount of] $1,200,000." Id. at ¶ IV (relief).

With the complaint, Kurbatzky filed a motion for leave to proceed in forma pauperis accompanied by an inmate transaction report (Docket No. 2). This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

## II. DISCUSSION

As an initial matter, it appears that this case cannot proceed as filed because the plaintiff is a limited liability company. Absent a showing that Kurbatzky is a licensed attorney able to practice before this court, she cannot proceed on behalf of Harmony Home Health Care LLC, nor can the company proceed in forma pauperis. Corporations are unable to appear pro se, and the Court will not recognize the appearance of a firm or corporation unless it is accompanied by the appearance of at least one attorney. District of Massachusetts Local Rule 83.5.5(c) (providing that "[a] corporation, partnership, limited liability company, trust, estate, or other entity that is

not an individual may not appear *pro se*."); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 199–206 (1993) (recognizing the majority rule that prohibits corporations, partnerships and associations from appearing in federal court "otherwise than through a licensed attorney," and linking the right to proceed in forma pauperis to this limitation, concluding that an association of prison inmates did not qualify as a "person" under 28 U.S.C. § 1915, 42 U.S.C. § 1983); Instituto de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18 (1st Cir. 2000) (distinguishing rule that corporation must be represented by counsel by holding that corporate officer may sign notice of appeal, so long as counsel is retained promptly to prosecute the appeal); Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 375 (D. Mass. 2000) ("Corporations, despite their pervasive role in our modem society, are not human beings. Although we are prone to regard them as living entities, they are only creatures of the state subject to government regulation and control. One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement.").

Here, Elena Kurbatzky seeks to bring suit on behalf of Harmony Home Health Care LLC. However, Kurbatzky may act pro se only on her own behalf, and she may not represent the interests of Harmony Home Health Care LLC because she is not alleged to be a duly-licensed attorney. See 28 U.S.C. § 1654 (appearance personally or by counsel); District of Massachusetts Local Rule 83.5.5(b) (providing that "[a]n individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar in this district to appear on his or her behalf.).

If Harmony Home Health Care LLC intends to proceed in this action, it must retain counsel and pay the filing fee.  To the extent Elena Kurbatzky wishes to proceed on her own

behalf, she will be granted an opportunity to file an amended complaint. Because she is in custody, Kurbatzky is advised that prisoner plaintiffs are not entitled to a complete waiver of the filing fee. If she proceeds on her own behalf, and her motion to proceed in forma pauperis is granted, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997).

### III.  CONCLUSION

For the foregoing reasons,

(1)  if Kurbatzky wishes to proceed with this action, she must file an amended complaint within 21 days of the date of this Memorandum and Order;

(2)  action on Kurbatzky's motion to proceed in forma pauperis is deferred;

(3)  a notice of appearance of counsel on behalf of Harmony Home Health Care LLC accompanied by payment of the filing fee must be filed within 21 days of the date of this Memorandum and Order; and

(4) failure to comply with these directives will subject this case to dismissal without prejudice.

SO ORDERED.

/s/ Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge