**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|                          |   |                              |
|--------------------------|---|------------------------------|
| **ELENA KURBATZKY**      | ) |                              |
|         *Plaintiff,*     | ) |                              |
|         v.               | ) | Civil Action No. 19-10079-DJC |
| **DANIEL KRISTOLA, et al.,** | ) |                          |
|         *Defendants.*    | ) |                              |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                 December 13, 2019

For the reasons set forth below, and in accordance with the Court's Memorandum and Order dated September 6, 2019, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii), 1915A(b), for failure to state a claim upon which relief may be granted.

**I.     Relevant Background**

On January 10, 2019, Plaintiff Elena Kurbatzky ("Kurbatzky"), while an inmate of Southeastern Middlesex Correction Center,[1] proceeding *pro se* on behalf of Harmony Home Health Care LLC ("HHHC"), filed an original complaint against the Centers for Medicare and Medicaid Services ("CMS") and three CMS administrators. D. 1.

By Memorandum and Order dated March 14, 2019, Kurbatzky was advised that HHHC must retain counsel and that Kurbatzky must file an amended complaint if she wished to proceed

---

[1] The Court takes judicial notice of the fact that in 2018, Kurbatzky, the owner of HHHC, was convicted and sentenced to a term of two to three years in state prison on charges of Medicaid fraud for filing false claims for in-home health care services and was ordered to pay restitution up to $1.8 million. See "Home health operator given jail time for sealing from MassHealth," Boston Business Journal, Aug 14, 2018, 2018 WLNR 24725150; "Woman sentenced on fraud charges," Boston Globe, Aug. 14, 2018, 2018 WLNR 24727010.

with this action. D. 4. Subsequently, Kurbatzky filed an amended complaint in which she was sole plaintiff. D. 7. On September 6, 2019, Kurbatzky was advised that her amended complaint was subject to dismissal and she was granted 28 days to file a second amended complaint. D. 8. On October 10, 2019, Kurbatzky was granted an extension of time to file her second amended complaint no later than November 1, 2019. D. 12.

Kurbatzky has filed her second amended complaint ("SAC"). D. 13. The body of the second amended complaint consists of 45 pages of factual allegations in 263 paragraphs. Id. at 5 - 48. Kurbatzky filed six exhibits with the SAC, primarily documents concerning the CMS investigation of HHHC. D. 13-1. Kurbatzky's SAC names the four defendants identified in her original and amended complaints and adds an additional eighteen defendants including additional CMS employees as well as the U.S. Customs and Border Protection ("CBP") and three CBP officers. In addition to again challenging the fraud investigation concerning HHHC, Kurbatzky challenges her 2017 arrest at Logan Airport and complains that CBP officers improperly seized Kurbatzky's overseas purchases.

For relief, Kurbatzky seeks from CBP both monetary damages and the return of seized property. Id. at 52. As to CMS, Kurbatzky seeks monetary damages for "emotional distress associated with illegal execution of conditions of pre-trial release and illegal incarceration," "anticipated income for 2017-2018 from Harmony Home Health Care LLC which was not received due to illegal termination of the agency;" release of "unreasonably suspended funds;" "reinstate[ment of] Harmony Home Health Care LLC in Medicare;" and termination of "MassHealth fraud investigation." Id. at 52-53.

**II.     The Second Amended Complaint is Subject to Dismissal**

Kurbatzky's second amended complaint suffers from many of the same pleading deficiencies as the prior complaints and also fails to state a claim on which relief may be granted.

Kurbatzky's SAC fails to state a claim upon which relief may be granted because in as much as can be gleaned from the amended pleading, she is in essence challenging her sentence and conviction. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In a civil rights case, this so-called "favorable termination" rule applies not only where the plaintiff expressly claims that her conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. Because a judgment in favor of Kurbatzky would imply the invalidity of her conviction or sentence, where that conviction still stands, her claims are barred.

Additionally, Kurbatzky cannot challenge the termination of HHHC's Medicare provider agreement. First, as Kurbatzky has been previously instructed by this Court, Kurbatzky, a non-attorney, cannot represent HHHC in this action. Next, judicial review of any determination by the Secretary under the Medicare Act is precluded unless the exhaustion requirements of 42 U.S.C. § 405(g) are met. Congress expressly incorporated this provision to govern various Medicare matters, including provider-termination decisions. 42 U.S.C. § 1395cc(h)(1)(A).

Finally, the prior decision in Kurbatzky v. Dignan, et al., No. 18-11022-PBS, D. 28 (granting defendants' motion to dismiss on September 12, 2019) precludes Kurbatzky's present

suit against the CBP defendants. Claim preclusion, also known as *res judicata*, prevents the relitigation of claims that a party "had the opportunity and incentive to fully litigate . . . in an earlier action." Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008). Because the claims asserted in the present action were already asserted against the CBP defendants in the earlier action, the claims against the CBP defendants are precluded by the earlier judgment.

### III. Conclusion

For the foregoing reasons, and in accordance with the Court's Memorandum and Order dated September 6, 2019, D. 8, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii), 1915A(b).

**SO ORDERED.**

    /s/ Denise J. Casper
Denise J. Casper
United States District Judge